## Lorain *versus* Hall *et al.*

A party, by claiming title under a certain conveyance, is not estopped from setting up a prior deed from the same grantors, and from denying that they were the owners at the time of the later conveyance.

It is not error, to refuse to charge that certain facts in proof, were *strong* evidence of ownership, at the time of the later conveyance. The weight of evidence is for the jury.

ERROR to the Common Pleas of *Bucks county.*

This was an ejectment by Lydia Lorain against Jacob Hall, for a tract of 100 acres, in Bensalem township, Bucks county. Hall was the tenant in possession under Lloyd Wharton Bickley, Abraham W. Bickley, Robert W. Bickley, and Howell W. Bickley, devisees of Lloyd Wharton Bickley, deceased, who were admitted to defend as landlords.

On the 30th April 1804, the executors of John Duffield, deceased, conveyed the premises in dispute to Robert S. Bickley, who took the title in his own name, but in trust for his sisters Elizabeth and Hannah Bickley, the beneficial owners. By his will, proved the 2d November 1842, Robert S. Bickley devised these premises to his sisters Elizabeth and Hannah, and all the residue of his estate he gave and devised to his brother, Isaac Bickley, his heirs and assigns for ever; provided that if the said Isaac should die without issue, then to be equally divided between his said sisters Elizabeth and Hannah.

At this time, Elizabeth and Hannah were infirm both in body and mind; and their mental capacity was one of the principal points in dispute in the court below.

On the 22d December 1842, Hannah and Elizabeth Bickley conveyed the land in dispute to Isaac Bickley, for the nominal consideration of $20,000; and, at the same time, they conveyed to him all their real estate in the city of Philadelphia, for the nominal consideration of $15,000.

On the 17th January 1843, an agreement was executed between Isaac Bickley and Lloyd Wharton, whereby it was agreed that Wharton should add the name of Bickley to his own, "and thus

[Lorain v. Hall et al.]

become and be known as Lloyd Wharton Bickley, and the same to descend to his children." And in consideration thereof, Isaac Bickley covenanted and agreed that, upon his decease and that of his sisters, " all the estate of the said Isaac, and the accumulations thereof, should vest absolutely in the said Lloyd Wharton, then Lloyd Wharton Bickley, in fee, to him and the heirs male of his body lawfully begotten, for ever." Isaac, however, reserved the right to make a will, but guarantied, in that case, that the estate which should vest in Lloyd Wharton Bickley, or his heirs male bearing the name of Bickley, should, at the time of the vesting thereof, be, in duly ascertained value, worth not less than $50,000, clear of all drawbacks and encumbrances." On the 15th of February following, an Act of Assembly was passed, changing the name of Lloyd Wharton to Lloyd Wharton Bickley.

On the 5th February 1852, Isaac Bickley, for the purpose of barring any estate tail that he might have in any real estate, conveyed the premises in dispute, and all his other real estate, to Joseph B. Townsend, in fee; and Joseph B. Townsend and wife, on the same day, reconveyed the premises to Isaac Bickley, for life, and from and after his decease to Lloyd Wharton Bickley, in fee.

Isaac Bickley died on the 25th June 1853; and Lloyd Wharton Bickley, by his will, dated the 11th November 1854, devised the premises to the defendants in fee; who, on the 1st January 1855, demised the same to Jacob Hall.

The plaintiff claimed as heir-at-law of Isaac, Hannah, and Elizabeth Bickley; and proved that, on the 10th May 1854, under the act relating to collateral inheritances, the undivided half part of the premises in dispute was valued and returned by the appraisers at $25,000, as the property of Hannah Bickley; and that, on the 26th, Lloyd Wharton Bickley appealed from the assessment, on the ground, inter alia, that Hannah Bickley was not the owner thereof, at the time of her decease, having in her lifetime conveyed the same to the appellant. In the appeal bond, he described himself as alienee of Hannah Bickley. The register set aside the appraisement, on the ground that it was made without notice to the heir of Hannah Bickley; and there was a new appraisement at $16,000, but no tax was paid.

The plaintiff also proved that the land in dispute was appraised at $62,050, as part of the estate of Isaac Bickley, deceased, subject to the collateral inheritance tax; and that, on the 23d September 1853, Lloyd Wharton Bickley, as executor of Isaac Bickley, appealed from this assessment. And in order to show that Isaac Bickley had but a life estate in the premises, he set up a deed, dated the 5th January 1852, whereby Hannah and Elizabeth Bickley, for divers causes and considerations, and for the settlement of their estate according to their will and pleasure, and also in consideration of one dollar, conveyed the premises in dis-

pute and all their real estate, unto Isaac Bickley for life, and immediately after his decease to Lloyd Wharton Bickley in fee. On this evidence, the estate was held not to be liable to the payment of the collateral inheritance tax.

The plaintiff also gave in evidence this deed of the 5th January 1852, to show that Isaac Bickley and Lloyd Wharton Bickley, by accepting it, had admitted the title to be, at that time, in Hannah and Elizabeth Bickley; and this was followed by evidence of their mental incapacity at the time of its execution.

The plaintiff's counsel thereupon presented the following points in writing, upon which they requested the court to charge the jury:—

1. That if the jury find that Hannah and Elizabeth Bickley were incompetent to execute a valid and binding deed at the date of the execution and delivery of the deed of 1842, then the plaintiff is entitled to recover in this action, if she is next of kin to Hannah and Elizabeth Bickley.

Answer.—" This proposition is correct."

2. That in considering the question of the competency of Hannah and Elizabeth Bickley at any time, the condition of the memory of those persons constitutes an important element in the inquiry; and that a person who has not sufficient memory to remember his property and the relations in which he stands to it, and to other persons, or sufficient judgment to comprehend the results of the act in which he is engaged, is not competent to make a valid and binding deed.

Answer.—" This is also correct."

3. That if Isaac Bickley and Lloyd Wharton Bickley accepted from Hannah and Elizabeth Bickley, the indenture dated January 5th 1852, and claimed title under it, *they* and *all persons claiming under them* were, and are, estopped from denying that Hannah and Elizabeth were the owners of the property at the date of the execution and delivery of that deed; and that the plaintiff, if next of kin and heir at law of Hannah and Elizabeth, is entitled to set up this estoppel against the defendants, claiming under Isaac Bickley and Lloyd Wharton Bickley.

Answer.—" We cannot so instruct the jury. We think there is no estoppel arising in this case on the ground stated. There is nothing in them to preclude these defendants, as a matter of law, on this trial, from setting up and asserting any pre-existing title, whether under the deed of 22d December 1842, or otherwise; especially, in the absence of all evidence that plaintiff, by the acceptance and claim of title under the deed of 1852, had been misled, deceived, or in any other way injured, or prejudiced, or adversely affected."

4. That if Isaac Bickley and Lloyd Wharton Bickley accepted from Hannah and Elizabeth Bickley the indenture of January 5th

[Lorain *v*. Hall *et al*.]

1852, and claimed title under it, then the point of time to which the jury should look in regard to the question of the competency of Hannah and Elizabeth is the date of the execution and delivery of the deed of 1852; and if the jury find that they were incompetent at that time, then the plaintiff, if next of kin, is entitled to recover.

Answer.—" The point of time to which the inquiry of the jury as to the competency or incompetency of Hannah and Elizabeth Bickley should be directed, is not necessarily that of the execution and delivery of the deed of 1852. If the jury should be of opinion that, at that time, the grantors were incompetent, the defendants not now claiming under and by virtue of the said deed, are not precluded from setting up any good and sufficient prior title, either in themselves or others; in which case, the deed of such previous title would be the point to which the inquiry, as to competency, would be directed."

5. That if Isaac Bickley and Lloyd Wharton Bickley accepted from Hannah and Elizabeth the indenture of January 5th 1852, and claimed title under it, that fact is evidence against Isaac Bickley and Lloyd Wharton Bickley, *and the present defendants claiming title under them*, that Hannah and Elizabeth were the owners of the property at the date of the execution and delivery of that deed; and that, unless the admission has been explained away to the satisfaction of the jury, the jury ought to regard it as very strong evidence that Hannah and Elizabeth *were* the owners of the property at that time.

Answer.—" Such facts, if found by the jury, would be some evidence on the point suggested, but whether very strong evidence or not is for you to judge. A man may fortify his title, resting on sundry mesne conveyances, by subsequent direct deed of confirmation, or any other muniment, necessary or unnecessary, which he may be of opinion will add strength to it, without intending, or raising an implication that he thereby intended to disclaim or abandon the prior title. As our opinion has been requested as to the strength of this evidence, if unexplained, we are constrained to say that we cannot give it to you, as we have been requested to do, as very strong evidence. You will judge of its weight for yourselves; and you will also decide for yourselves, whether and how far it has been satisfactorily explained."

6. That if the jury find that Hannah and Elizabeth were the owners of the property when the deed of 1852 was executed and delivered, it is unnecessary to consider the question of the competency of Hannah and Elizabeth in 1842; for if they were incompetent in 1852, then no title passed by that deed, and no title could vest in the defendants under it.

Answer.—" If the jury find the facts to be as here suggested, then the evidence in regard to the competency or incompetency

[Lorain *v.* Hall *et al.*]

of Hannah and Elizabeth on the 22d of Decemoer 1842, the date of their deed to Isaac, would only be important in connection with the other evidence so far as it bears upon and will aid you in determining the degree of their capacity at the date of the deed of 1852, but for all other purposes such inquiry would then be unnecessary and of no avail."

7. That if the jury believe that in the proceedings in the Register's Court, in regard to the collateral inheritance tax, Lloyd Wharton Bickley (knowing of the deed of 1842) claimed title to the land in question *not* under Isaac Bickley, but under the indenture from Hannah and Elizabeth *in* 1852, they should regard that as strong evidence that Hannah and Elizabeth were the owners of the property at the execution and delivery of the deed of 1852; and if they find that they *were*, and that they were then incompetent, the plaintiff, if next of kin, is entitled to recover in this action.

Answer.—" If the jury believe the facts to be as suggested here, we think they would amount to some evidence on the question herein stated; but we cannot say to the jury, as we are requested, that it would be strong evidence, and this for the reason stated in our reply to plaintiff's fifth point, and for the further reason that the proceedings in the Register's Court were between other parties and in a different right.

" The determination of the weight you will give the evidence is for you and not the court. We cannot measure it for you, except in cases where the law assigns to it a determinate effect and character, which is not the case here. If the jury find that Hannah and Elizabeth were the owners in 1852, and were then incompetent, the plaintiff would be entitled to recover."

The plaintiff excepted to the answers to the 3d, 4th, 5th, 6th, and 7th points; and a verdict and judgment having been given for the defendants, she removed the cause to this court, and here assigned the same for error.

*Thayer, Lear,* and *Gibbons,* for the plaintiff in error.

*C. E. & S. M. Du Bois* and *Mallery,* for the defendants in error.

The opinion of the court was delivered by

Read, J.—The plaintiff in this case is the heiress at law of Isaac, Hannah, and Elizabeth Bickley. The defendants are the children and devisees of Lloyd Wharton Bickley, who under an agreement of the 17th January 1843, with Isaac Bickley, agreed to add the name of Bickley to his own of Lloyd Wharton, and on the 15th February following, an Act of Assembly was passed changing the name of Lloyd Wharton to Lloyd Wharton Bickley.

Hannah and Elizabeth Bickley, on the 22d December 1842, by deed dated on that day, and recorded on the 27th of the same month, conveyed, *inter alia,* the premises in dispute to their brother, Isaac Bickley.   To this deed it was objected that the grantors were incompetent to make it, from want of mental capacity; which question was submitted to the jury under instructions prayed by the plaintiff, and decided by them in favour of the defendants.   This disposed of the question of incapacity at this period.

The defendants then gave in evidence a deed from Isaac Bickley to Joseph B. Townsend, dated 5th February 1852, barring any estate tail, and for settling the premises therein mentioned, in the manner set forth in the deed executed the same day, by the said Townsend, and endorsed thereon. This deed conveyed, *inter alia,* the farm in dispute, and by deed endorsed, the said Joseph B. Townsend and wife conveyed all the property therein described to Isaac Bickley for life, and from and after his decease, to Lloyd Wharton Bickley in fee.   These deeds were duly recorded on the 27th May 1852, and upon the death of Isaac Bickley, the title to this farm vested in Lloyd Wharton Bickley in fee simple in possession.

The plaintiff then gave in evidence a deed from Hannah and Elizabeth Bickley, to Isaac Bickley for life, and remainder to Lloyd Wharton Bickley in fee, dated 5th January 1852, acknowledged on the 27th February, and recorded on the 9th March in the same year.   If these parties were the owners and competent, then this conveyance gave the title to the testator after the death of Isaac, and its production did not benefit the plaintiff.   The court, however, submitted this matter also to the jury, with the instruction, "If the jury find that Hannah and Elizabeth were the owners in 1852, and were then incompetent, the plaintiff would be entitled to recover."   The jury however were not of that opinion, as their verdict was for the defendants.

It appears, therefore, that the intention of these parties to give their estate to their kinsman, from affection, and in order to perpetuate their name, was fairly carried out by some or all of these conveyances, in the opinion of the jury, to whom the facts were properly submitted by the court.

We see nothing in the deeds themselves that prevented the defendants, or their father, from claiming under all or any of them, as they all tend to the same end, to vest the remainder in Lloyd Wharton Bickley in fee, subject to the life estate of Isaac Bickley. The court were, therefore, correct in answering the plaintiff's third point in the negative, and also in their answer to the fourth point, which sought to confine the question of competency to the date of the deed of the 5th January 1852.

The fifth point, in which the court was asked to charge the jury,

*[Lorain v. Hall et al.]*

that they ought to regard certain facts as very strong evidence that Hannah and Elizabeth were owners of the property in 1852, was correctly answered by saying to the jury, "such facts, if found by the jury, would be some evidence on the point suggested, but whether very strong evidence or not, is for you to judge"—"You will judge of its weight for yourselves, and you will also decide for yourselves, whether and how far it has been satisfactorily explained."

We cannot see how the sixth point could have been answered otherwise, particularly when, as we have seen, the question of ownership and competency in 1852, was directly submitted to the jury.

The answer to the seventh point, as to the weight of the evidence relating to the proceedings in the Register's Court, like the answer to the fifth point, is perfectly proper. "The determination of the weight you will give the evidence, is for you and not the court. We cannot measure it for you except in cases where the law assigns to it a determinate effect and character, which is not the case here."

Judgment affirmed.